CarutiieRS, J.,
delivered the opinion of the Court.
Parnotta Thompson, the intestate of Ross, rented a tract of land to Gibbs,' in March, 1855, for that and the year 1856. The rent of the first year was to be paid in improvements, as the weight of the evidence shows. Before the expiration of that year, Viz: in October or November, 1855, Gibbs became owner 'of the land by purchase from said Parnetta Thompson and her sisters by deed. There was no reservation of rent or any other stipulation in relation to it, but the sale was general, without reference in any way to the pending contract of renting. Some improvements were made by-Gibbs, but mostly after the date of his purchase.
This suit is instituted upon this state of facts to recover the’ rent of 1855. The charge to the jury was—
“That the rent in the- case did not'pass as an incident to the reversion when defendant purchased the land; that if the purchase had been -made soon after, or in a few days - after the contract for renting, then the rent would have passed as an incident; but in this case the rent was nearly due when the purchase was made, and therefore did not pass.”
*440 We apprehend his Honor misconstrued the law in the distinction taken by him as to the importance given to the time of the year at which the reversion was purchased from the lessor. Kent says a sale “ passes the right to the rents that subsequently become due as incident to the reversion, but not the rents then in arrear.” 4 Kent, 354. Rent is that which is to be paid for the use of the land, whether in money, labor, or other thing agreed upon. (It is not due until the year is out, where the renting is by the year. The rent is not in ‘ arrear ” until after it is due. If not, it passes with the sale of the reversion without regard to the time of the year it was made, unless there had been some stipulation to the contrary.
We think the finding was contrary to the law as charged on another question. The Court charged that if the contract was that the rent of 1855 was to be paid in improvements, there could be no recovery in this action. That is so clearly established that it may be said there is no proof to the contrary, and the verdict should have been for the defendant on that ground. The supposed promises of the defendant to pay something, after the year had passed, were not such as to bind him, if any were made. What was said on that subject was in view of a compromise, and if not, was void for want of consideration. The recovery was small — only $19— but the law should be correctly administered without regard to amounts.
Judgment reversed, and a new trial granted.